IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL ALAN BONBRAKE,<br>a/k/a "Michael A. Bonbralze,"<br><br>　　　　Defendant. | Case No. 25-CR-00138-SEH |

## OPINION AND ORDER

Before the Court is Defendant Michael Bonbrake's motion to dismiss the Indictment. [ECF No. 14]. He moves to dismiss for preservation purposes only, conceding that Tenth Circuit precedent forecloses his argument. [*Id*. at 1].

A federal grand jury charged Bonbrake with one count of possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [ECF No. 2]. Section 922(g)(1) makes it unlawful for a convicted felon to "possess in or affecting commerce, any firearm." Bonbrake now moves to dismiss the Indictment, arguing that § 922(g)(1) is unconstitutional because it violates the Second Amendment, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). [ECF No. 14 at 3–13]. He raises only an as-applied challenge. [*Id*. at 2–3].

The Court agrees with Bonbrake that Tenth Circuit precedent forecloses his argument. In *United States v. McCane*, the Tenth Circuit held that § 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009). Further, *McCane* "upheld the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved." *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025). *McCane* remains binding after *Bruen* and *Rahimi*, so Bonbrake's Second Amendment challenge fails. *See id.*

Because this Court is bound by precedent, Bonbrake's motion to dismiss [ECF No. 14] is DENIED.

DATED this 15th day of May, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE